IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RAYMOND MCNEAL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18−cv−1468−MJR |
| BRYANT, STEVENSON, MALANOT, OBADINA, HILL, GLADYSE TAYLOR, and ILLINOIS DEPARTMENT OF CORRECTIONS | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Raymond McNeal, an inmate in Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at Pinckneyville Correctional Center. Plaintiff requests injunctive relief, compensatory damages, and punitive damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff was assigned to the dietary unit at Pinckneyville when he slipped on some water on the floor, breaking his hip on July 22, 2009. (Doc. 1, pp. 3-4). The condition was caused by leaks coming through cracks in a common wall between the freezers and the bakery area, which made the bakery floors slippery and wet on a daily basis. (Doc. 1, p. 3). Plaintiff and others complained to Bryant, Stevenson, and Malanot on several occasions about the slippery floors, and requested non-slip shoes, but those requests and complaints were ignored. (Doc. 1, pp. 3-4).

Plaintiff alleges that Taylor, Bryant, and the Department of Corrections have a policy of failing to properly maintain prison facilities. (Doc. 1, pp. 4, 6).

Plaintiff received surgery for his left hip fracture, and afterwards was denied adequate follow up treatment by Hill and Obadina. (Doc. 1, p. 4). Plaintiff was denied the physical

therapy recommended by an outside medical care provider and Hill gave him the wrong medication on several occasions. *Id*. Plaintiff suffers from severe pain in his left hip, knee, and ankle area due to the lack of adequate follow-up care. *Id*.

Plaintiff attached exhibits to the Complaint that appear to have been filed in an Illinois Court of Claims action, No. 11CC2288, raising the same issues. (Doc. 1-1). In a letter dated January 5, 2011, Plaintiff recounts the basic facts of his slip and fall. (Doc. 1-1, p. 1). In a form titled "Complaint," also dated January 5, 2011, Plaintiff alleges that he received improper medication and was denied rehabilitation by staff. (Doc. 1-1, pp. 3-5). The exhibits also indicate that Plaintiff was housed at Pontiac Correctional Center during January 2011. (Doc. 1-1, p. 5).

### **Discussion[3]**

Plaintiff raises both federal and state-law claims regarding the above facts, alleging that the Defendants were negligent and violated his constitutional rights. However, the Court will not review the merits of his claims because they are clearly barred by the statute of limitations.

Although typically, affirmative defenses such filing after the statute of limitations are litigated by the parties after service, *see Jones v. Bock*, 549 U.S. 199, 212 (2007), a Court may invoke these defenses on § 1915A review when the availability of the defense is apparent on the face of the Complaint. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992).

Section 1983 does not contain its own statute of limitations, and so § 1983 claims are governed by the law of the state where the alleged violation occurred. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)(citing *Wilson v. Garcia*, 471 U.S. 261. 276 (1985)). In this

District, § 1983 claims are governed by Illinois' 2-year statute of limitations. *Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008).

However the Court is also bound to apply a state's tolling rules, and in Illinois, the operation of 735 ILCS 5/13-216 has the effect of tolling the limitation period while a prisoner completes the administrative grievance process. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012); *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008); *Johnson*, 272 F.3d at 521.

Plaintiff alleges that the slip and fall happened on July 22, 2009, more than 9 years before he filed suit. It appears that he completed the grievance process with regards to that claim on January 11, 2010. Even given Plaintiff the benefit of tolling from the incident date until the grievance process was complete, Plaintiff still would have had to bring suit no later than January 11, 2012. He is more than 6 years too late.

As to Plaintiff's medical claim, he has not clearly pleaded the dates that he was denied medical care. But exhibits attached to the Complaint[1] show that he was raising his rehabilitative medical care as an issue in January 2011 and that he was no longer housed at Pinckneyville at that time. Plaintiff's claims against Hill and Obadina for their medical care accrue at the latest on the last day that he was in their care. *Heard v. Elyea*, 525 F. App'x 510, 511 (7th Cir. 2013). Once Plaintiff is transferred out of the prison where an individual works, the statute of limitations begins running as to that individual. Additionally, upon information and belief, Obadina retired from Wexford sometime prior to February 1, 2011. *See e.g.*, *Sykes v. Obadina*, No. 09-cv-941-MJR-SCW, Doc. 32. Because it appears that the deliberate indifference that Plaintiff ascribes to Hill and Obadina occurred prior to January 2011 based on Plaintiff's complaints about it at that time and his status as a Pontiac inmate, Plaintiff would have had to

---

[1] Additionally, if Plaintiff filed and pursued an earlier lawsuit based on this course of events, as his exhibits suggest, it is likely that this entire action is also barred by res judicata principles.

4

bring those claims no later than January 2013.  He did not file suit until 2018, more than 5 years later.  His claims for improper medical treatment are also barred by the statute of limitations.

## Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED with prejudice** as barred by the statute of limitations.  Plaintiff's pending motion is **MOOT**.  (Doc. 7).  This shall not count as one of Plaintiff's allotted strikes pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall enter judgment and close this case.

**IT IS SO ORDERED.**
**DATED: September 13, 2018**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**